# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11272
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHANIE WHITE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-80-2

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Stephanie White appeals her 188-month sentence following her guilty plea to conspiracy to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin. White was held accountable at sentencing for distribution of 3.23 kilograms of heroin, resulting in an advisory Guideline-sentencing range of 188 to 235 months in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11272

White maintains that the district court clearly erred in its drug-quantity calculation.  Specifically, she contends, as she did before the district court, that she should be held accountable for only the amount of drugs that she was personally involved in distributing.[1]

Under the sentencing regime in place after *United States v. Booker*, 543 U.S. 220 (2005), a "sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006) (citation and internal quotation marks omitted).  A district court's findings of fact for sentencing purposes, including a district court's drug-quantity determination, are reviewed only for clear error.  *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

White is responsible for "all foreseeable acts" in furtherance of the drug conspiracy.  *See* U.S.S.G. §1B1.3(a)(1)(B).  At sentencing, the court found that there were jointly undertaken criminal activities of which White was aware such that the drug quantities ascribed to her for sentencing purposes were reasonably foreseeable.  White does not specifically challenge the district court's "foreseeability" determination; therefore, she has failed to show that the court clearly erred in holding her accountable for 3.23 kilograms of heroin under §1B1.3(a)(1)(B).  *See, e.g.*, *United States v. Solis*, 299 F.3d 420, 447, 461-62 (5th Cir. 2002).

AFFIRMED.

---

[1]  We reject as improper White's attempt to "adopt by reference" her co-defendant's arguments made in a separately styled appeal "pertaining to the weight calculations of an ounce of heroin."  *United States v. Morgan*, 117 F.3d 849, 853 (5th Cir. 1997)("an appellant may not adopt by reference fact-specific challenges to his conviction" or sentence). Because this contention rests on facts presented only at Jimenez's sentencing, White cannot "adopt by reference" Jimenez's arguments.